IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN B. FETTER                    :    CIVIL ACTION
                                  :
          v.                      :
                                  :
NORTH AMERICAN ALCOHOLS,          :
INC., et al.                      :    NO. 06-4088


MEMORANDUM

McLaughlin, J.                                     July 21, 2009


          The plaintiff claims that he had a contract with
defendant North American Alcohols, Inc. ("NAA") to act as chief
operating officer for the company.  On December 10, 2008, the
Court granted the defendants' motion for summary judgment on all
of the plaintiff's claims except for his unjust enrichment claim
against NAA.  See Docket Nos. 65, 67.  On January 28, 2009, the
Court granted NAA's counsel's motion to withdraw.  See Docket No.
72.  The Court has since entertained and granted requests by NAA
for additional time to retain counsel.  See Docket Nos. 72, 73,
77.  To date, no new counsel has entered an appearance on behalf
of NAA.

          On May 26, 2009, the Court issued an Order requiring
NAA to retain counsel or, in the alternative, to show cause, on
or before June 22, 2009, why the Court should not enter default
judgment on the plaintiff's remaining claim.  To date, NAA has
not responded to that Order in any manner.  On June 26, 2009, the
Court received a letter from plaintiff's counsel, requesting that

the Court enter default judgment against NAA.  In view of the factors set forth in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984), the Court will grant the plaintiff's request and will enter default judgment against NAA on the plaintiff's unjust enrichment claim.

I.   <u>Background</u>

        This case was removed to this Court from the Court of Common Pleas of Philadelphia County on September 13, 2006.  The plaintiff brought various claims against NAA and its individual directors, including a claim against NAA for breach of contract and claims against the corporation and its directors for unjust enrichment.  In a memorandum opinion dated December 10, 2008, the Court granted the defendants summary judgment on all claims except for the plaintiff's unjust enrichment claim against NAA.

        On December 24, 2008, counsel for the defendants moved to withdraw as counsel, on the basis that the defendants had failed to pay counsel fees for eighteen months, and that counsel could no longer represent the defendants without incurring substantial further losses.  <u>See</u> Docket No. 68.  The Court held a telephone conference on January 27, 2009, to discuss defense counsel's motion.  During the conference, NAA, as represented by its president and CEO, Stephen C. Reiser, objected to counsel's withdrawal on the basis that the parties were ready to settle the

case.  The Court was informed that the parties had already agreed upon the amount of a settlement, but that the primary concern was NAA's inability to pay due to its insolvency.  The parties stated that they would see whether Mr. Reiser, on behalf of NAA, could work out the terms of a settlement with the plaintiff.

After the January 27 telephone conference, the Court granted defense counsel's motion to withdraw, and scheduled a later conference, at which time the parties would inform the Court whether the case had been settled.  Such a conference took place on the record on March 16, 2009.  See Docket No. 74.  At that time, the Court learned that the parties were unable to reach a settlement.  During that conference, the parties suggested that arbitration might be a plausible next step, although with NAA unrepresented by counsel, the parties were concerned that such an arbitration could not proceed.  At that time, plaintiff's counsel also suggested that the Court might enter default judgment against NAA.  NAA, as represented by Mr. Reiser, objected, and requested thirty days to obtain counsel or to otherwise decide how to proceed.

The Court granted NAA's request, and issued an order stating that within thirty days, NAA must retain counsel.  The order further stated that if NAA did not obtain counsel, the Court would consider whether to impose sanctions against it, including a default judgment.  See Docket No. 73.

-3-

On April 16, 2009, the Court received a letter from Mr. Reiser requesting a thirty-day extension of NAA's time to retain counsel.  According to Mr. Reiser, he had experienced difficulty contacting the NAA directors due to their "international traveling."  He stated that he also needed the extra time "to contact and speak to several other attorneys."  The Court granted NAA's request for an extension, stating that within thirty days, NAA needed to retain counsel, and have counsel enter an appearance.  See Docket No. 77.

No new counsel entered an appearance on behalf of NAA within thirty days.  However, during this period, the Court received letters from the parties, stating that they had agreed to a sum that NAA was willing to pay the plaintiff.  The parties had not reached a full settlement, however, because a question still remained as to when NAA would be able to pay its obligation.  Plaintiff's counsel rejected any suggestion that the plaintiff would agree to an open-ended time frame to pay the agreed-upon amount, and again requested that the Court enter default judgment against NAA.  By letter dated May 23, 2009, Mr. Reiser responded that if the plaintiff objected to the open-ended time frame proposed by NAA, NAA "would have no objection to the Court issuing a corporate judgment against [NAA], . . . with the stipulation that payment . . . will be made when the corporation is able to do so."

-4-

In light of the parties' letters, on May 26, 2009, the Court issued an order requiring NAA to retain counsel on or before June 22, 2009, or, alternatively, to show cause why default judgment should not be entered against it.  The Court has received no response to its May 26, 2008, Order; nor has it received any other communication from NAA since that date.

II.  Analysis

Under Federal Rule of Civil Procedure 55, a court may enter default judgment against a party who fails to plead or otherwise defend.  See Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 917 (3d Cir. 1992).  As the United States Court of Appeals for the Third Circuit has explained, the failure to "otherwise defend" is broader than a mere failure to plead, and may include a failure to comply with court orders to obtain counsel.  See id. at 918-19.

To decide whether the entry of default judgment is an appropriate sanction in a particular case, district courts must consider the factors set forth in Poulis v. State Farm Fire & Casualty Co.  Under Poulis, a district court may enter default judgment as a sanction after considering six factors:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary; (3) whether the party has a history of dilatoriness; (4) whether the conduct of the party was willful or

-5-

in bad faith; (5) the effectiveness of sanctions other than
default; and (6) the meritoriousness of the claims.  Poulis, 747
F.2d at 867-68.  It is not necessary that each factor be
satisfied for a sanction to be appropriate.  See Ware v. Rodale
Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).  Rather, the
factors are to be "weighed by the district courts in order to
assure that the 'extreme' sanction of . . . default is reserved
for the instances in which it is justly merited."  Poulis, 747
F.2d at 870.

        Upon consideration of the Poulis factors, the Court
finds that entry of default judgment against NAA on the
plaintiff's unjust enrichment claim is an appropriate sanction
for NAA's failure to retain counsel or to otherwise respond to
the Court's May 26, 2009, Order requiring it to show cause why
default judgment should not be entered.

        First, NAA is pro se.  It is responsible for its
failure to retain counsel or to comply with court orders.  See
Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2006).  Its conduct
cannot be attributed to counsel or to any other party.  In
addition, Mr. Reiser has stated that he has had trouble convening
NAA's board of directors for the purpose of discussing retention
of counsel.  This failure is the sole responsibility of NAA.

        Second, there has been prejudice to NAA's adversary.
More than seven months have passed since the Court's denial of

summary judgment on the plaintiff's unjust enrichment claim.  In that time, the plaintiff and his counsel have shown willingness both to proceed with litigating the case and to discuss settlement.  Although the parties were unable to reach a settlement, the plaintiff has shown a desire to prosecute his remaining claim.

Third, NAA has a history of dilatoriness.  Since the Court's summary judgment decision on December 10, 2008, NAA, through Mr. Reiser, has asked the Court on multiple occasions to delay making further decisions on how to proceed so that NAA might obtain counsel.  The Court has granted these requests.  At this stage, however, the Court has received no further communications from NAA, not even a request for a further extension of time to retain counsel.  NAA has been on notice since December 24, 2008, when defense counsel moved to withdraw, that it would need to retain new counsel.  NAA has since been ordered specifically by the Court to retain new counsel.  At this stage, NAA has not explained its failure to do so.  Instead, it has failed to communicate with the Court in any manner.

Fourth, the Court has seen no indication that the defendant's conduct is the result of bad faith.  On the other hand, NAA has been on notice for nearly seven months - or at least since the telephone conference held on January 27, 2009 - that it would need to retain counsel.  Although the Court does

-7-

not presume that NAA's neglect was willful or the result of bad faith, there is no evidence that NAA's failure to defend is attributable to a good-faith explanation, mistake, or excusable neglect.

Fifth, no alternative sanctions will be effective in this case. Unless and until NAA obtains counsel, the Court may not hear any defense NAA may have. Corporate entities may not proceed in a civil action in federal court without counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 202-03 (1993); see also United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996). In addition, Mr. Reiser has stated on several occasions that NAA is insolvent, and cannot pay for a settlement at this time. The Court therefore finds it unlikely that NAA will hire counsel to proceed with this case. For these reasons, lesser sanctions, such as monetary fines or further orders to retain counsel, would not be effective. Given NAA's apparent inability to move forward with the case, the Court concludes that entry of default judgment is the appropriate sanction to impose.

The final factor for consideration under Poulis is the meritoriousness of NAA's defense. The Court briefly addressed the merits of the plaintiff's unjust enrichment claim against NAA in its December 10, 2008, memorandum opinion. As the Court explained, the plaintiff provided a list of activities he engaged in while in the service of NAA, totaling over nine-hundred hours

of work.  In addition, the plaintiff claims that he played a
critical role in helping NAA to obtain a $250,000 grant.  NAA, on
the other hand, insists that it retained no benefit from any of
the plaintiff's activities.  Although the Court need make no
findings here as to the precise value of any benefits received by
NAA from the plaintiff's work, it nevertheless finds it unlikely
that NAA retained no benefit whatsoever.

Even were the Court to conclude that NAA's defense is
meritorious, it would still find that the balance of the Poulis
factors favors entry of default judgment against NAA.  To the
extent that NAA may have a meritorious defense, the Court cannot
hear such a defense until NAA retains counsel.  Given NAA's
failure to retain counsel despite having had approximately six
months to do so, it would be inequitable to force the plaintiff
to continue to wait to proceed with his case.  Finally, the Court
has informed NAA that it intended to enter default judgment if
NAA did not retain counsel or show cause why the Court should not
enter default judgment.  NAA did not respond to the Court's order
to show cause; nor has it, to date, explained to the Court the
reasons for its failure to do so.

For the reasons stated, the balance of the Poulis
factors weighs in favor of entry of default judgment.  The Court
will therefore enter default judgment against NAA on the
plaintiff's unjust enrichment claim.  The Court will hold a

-9-

hearing for the purpose of receiving evidence as to the plaintiff's damages on August 5, 2009.  Should NAA wish to be heard at said hearing, it must retain counsel who must enter an appearance prior to that proceeding.

An appropriate Order shall issue separately.